**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER BOTTS and CAROL BOTTS, | No. 14-35007 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-01943-JLR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 2, 2016
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and CURIEL,** District Judge.

Roger and Carol Botts appeal the district court's grant of summary judgment

to the government. We have jurisdiction under 28 U.S.C. §§ 1346(b), 2671-2680,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Gonzalo P. Curiel, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

1

and we reverse and remand for further proceedings consistent with this disposition.

The district court erred in finding that Botts failed to produce evidence from which a finder of fact could reasonably conclude that asbestos exposure at the Puget Sound Naval Shipyard (the "Shipyard") resulting from violations of the Navy's mandatory rules after March 1970 was a substantial factor in causing Roger Botts' mesothelioma. *See Lockwood v. AC & S, Inc.*, 744 P.2d 605, 613 (Wash. 1987).

The district court's view of the evidence was unduly restrictive in several ways. First, the district court found that the record did not establish the extent to which asbestos exposure at the Shipyard was due to violations of the Navy's asbestos containment regulations. However, evidence in the record shows that Navy personnel did not comply with the containment regulations after they came into effect in March 1970, and that, had the containment regulations been complied with, the volume and spread of asbestos fibers on ships due to just removal and cleanup activities would have been reduced by 90%.

Second, the district court discounted Botts' Shipyard-wide asbestos exposure. However, there is evidence that asbestos-related work, including asbestos removal, installation, and fabrication, took place both on board ships and around the Shipyard while Botts made deliveries to the shipyard from 1970 to

2

1976. Under Washington law, expert "testimony that asbestos fibers have the ability to disperse over an entire shipyard is sufficient evidence from which it could be inferred that" an individual who worked at that shipyard during times that asbestos products were used "breathed the asbestos regardless of whether [the individual] worked on the ships or only in the shipyard." *Berry v. Crown Cork & Seal Co.*, 14 P.3d 789, 795 (Wash. Ct. App. 2000). Here, Dr. Heyer so testified, and the United States has not challenged the validity or admissibility of his expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995);

Third, the district court found that the time frame of exposure was only a one-month period from February to March of 1971. However, violations of the Navy's asbestos containment regulations began in March 1970, and there is evidence that, from 1970 to 1976, Botts spent as much as 20% of his working time each year at the Shipyard. There was expert testimony that working for less than a year in total in a shipyard during this time period could result in anywhere between a two- to eight-fold increase in the risk of developing mesothelioma due to asbestos exposure.

Thus, a finder of fact could have reasonably concluded that Botts provided sufficient evidence of causation. *See Berry*, 14 P.3d at 795; *Allen v. Asbestos*

3

*Corp.*, 157 P.3d 406, 409–10 (Wash. Ct. App. 2007).[1]  Accordingly, we reverse the

district court's grant of summary judgment and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[1] *McIndoe v. Huntington Ingalls Inc.*, Nos. 13-56762, 13-56764, 2016 WL 1253903 (9th Cir. Mar. 31, 2016), does not command otherwise. Not only was *McIndoe* decided under maritime and California law, rather than the Washington law applicable here, but in *McIndoe* plaintiff failed to provide any evidence as to the extent of his exposure to defendants' asbestos, especially with regard to the amount and duration of the exposure. *Id.* at *4–5. *McIndoe* also rejected the only other causation evidence McIndoe provided—expert testimony that "*every* exposure to asbestos above a threshold level is necessarily a substantial factor in the contraction of asbestos-related diseases." *Id.* at *5. *McIndoe* expressly distinguished other cases, like this one, that do not rely on the same type of "sweeping testimony" amounting to a legal conclusion. *See id.* & n.8.